**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-10835
Summary Calendar

JERRY ROBERT DAVIDSON,

Plaintiff-Appellant,

VERSUS

CATHY STOCKTON, SUPERVISOR, CHILD PROTECTIVE SERVICES

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas

(4:95-CV-630-A)

January 8, 1996

Before REYNALDO G. GARZA, JONES and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jerry Robert Davidson ("Davidson"), a Texas state prisoner, filed a 42 U.S.C. § 1983 civil rights action against Texas Child Protective Services ("C.P.S."), Cathy Stockton ("Stockton"), the director of C.P.S., and the social workers involved in his children's case.  Davidson alleged that C.P.S. cajoled his

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

daughters into alleging that he sexually abused them.  He claimed that C.P.S. took his daughters away from him, and then told his daughters that they could return home to him and his wife if they said that he molested them.  He also alleged that the C.P.S. workers, all of whom were female, discriminated against him because he was male.  In his complaint Davidson prayed for injunctive relief; he did not ask for damages.

Davidson filed his complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915.  The district court had a policy of reviewing *in forma pauperis* complaints before ordering service of process to ensure that its jurisdiction was properly invoked.  After reviewing Davidson's complaint, the district court found that it was really a suit against C.P.S., a state agency, rather than a suit against Stockton in her individual capacity.  Accordingly, the district court dismissed Davidson's suit as barred by the Eleventh Amendment.  Davidson appeals from the district court's dismissal.

The district court can dismiss an *in forma pauperis* proceeding if the claim has no arguable basis in law or fact.[1]  In this case, the district court dismissed Davidson's case on the ground that it had no arguable basis in law.  We review that dismissal for abuse of discretion.[2]  Because the Eleventh Amendment is applied differently to state agencies than it is to state officials, we will analyze the district court's dismissal of each defendant separately.

---

[1]Hicks v. Garner, 69 F.3d 22, 24 (5th Cir. 1995).

[2]*Id.*

2

The district court correctly dismissed Davidson's claims against C.P.S.  C.P.S. is a state agency; therefore, the Eleventh Amendment immunizes it from suit in federal court unless it consents to such a suit.[3]  Because Davidson did not allege such consent, the district court properly dismissed his claims against C.P.S.

The district court erred in dismissing Davidson's claims against Stockton without conducting a more detailed inquiry into the nature of those claims.  Under the *Ex Parte Young*[4] doctrine, the Eleventh Amendment does not bar a federal court from enjoining state officers from acting unconstitutionally.[5]  Thus, if Davidson alleged that Stockton personally acted unconstitutionally by participating in or directing the alleged plot to cajole false statements from his daughters, his suit would not be barred by the Eleventh Amendment.  On the other hand, if Davidson is merely suing Stockton in her official capacity as the head of C.P.S., rather than in her individual capacity for acting unconstitutionally, his suit would be barred by the Eleventh Amendment.  Because it could not have determined from his complaint whether Davidson was suing Stockton in her individual or official capacity, we hold that the district court abused its discretion in dismissing his case.  We

---

[3]Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 113 S. Ct. 684, 687-88 (1993).

[4]209 U.S. 123 (1908).

[5]For an excellent discussion of the *Ex Parte Young* doctrine, see generally 17 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 4232 (1988).

therefore reverse the district court's dismissal and remand this case for further inquiry. We recommend that, upon remand, the district court ask Davidson to file a more definite statement or conduct a *Spears*[6] hearing to clarify his allegations.

The district court also erred in dismissing Davidson's claims against the unnamed social workers who allegedly cajoled false witness from his daughters. Davidson clearly sought to sue these people in their individual capacities—he was suing them because he alleged that they violated his Constitutional rights, not simply because they worked for C.P.S. Thus, the district court erred in holding that his claims against them are barred by the Eleventh Amendment.

Accordingly, we AFFIRM the district court's dismissal of C.P.S. and REVERSE and REMAND for further proceedings all other aspects of this case.

---

[6]*See* Spears v. McCotter, 766 F.2d 779 (5th Cir. 1985).